Thomas M. Grasso, Esq.
Law Offices of Thomas M Grasso LLC
8 Willow Street
Cranford, New Jersey 07016-1855
Tel: 908-514-8850
Fax: 908-325-6187
E-mail: tom@tmgrassolaw.com
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FEDERAL INSURANCE COMPANY a/s/o
TRADEWINDS FREIGHT FORWARDING, INC.,

        Plaintiff,

-against-

M/V MYTILINI and M/V MSC POH LIN, in rem,

-and-

MSC MEDITERRANEAN SHIPPING COMPANY,
S.A., BOX CARRIER NO. 8 CORP., DANAOS
SHIPPING CO. LTD., and POHLIN NAVIERA CO.
S.A., in personam,

        Defendant.
------------------------------------------------------------X

14 CV 0312

Docket No. 14 CV _____ ( )

ECF Case

**COMPLAINT**



Federal Insurance Company ("Federal") a/s/o Tradewinds Freight Forwarding, Inc. ("Tradewinds"), by its attorneys Law Offices of Thomas M Grasso LLC, alleges for its Complaint against defendant vessels M/V MYTILINI and M/V MSC POH LIN, in rem, and MSC Mediterranean Shipping Company, S.A. ("MSC"), Box Carrier No. 8 Corp. ("BC8"), Danaos Shipping Co. Ltd. ("Danaos"), and Pohlin Naviera Co. S.A. ("Pohlin"), upon information and belief:

## INTRODUCTION

1.       This is an Admiralty action for breach carrier duties under the U.S. Carriage of Goods by Sea Act and the maritime contract of carriage, unseaworthiness, and negligence, in the aggregate amount of $89,213.82, for temperature abuse damage to two shipments of fresh pomegranates transported from Oakland, California, USA to St. Petersburg, Russia.

## PARTIES

2.       Plaintiff Federal Insurance Company ("Federal") is an Indiana corporation with a business office located at 15 Mountain View Road, Warren, New Jersey.

3.       Federal is the subrogated marine cargo insurance underwriter for the Goods that are the subject of this case, and is a real party in interest.

4.       Defendant in rem M/V MYTILINI is an ocean container vessel bearing IMO No. 8819952 and call sign 3EIM7 and flagged in Panama, and was at all material times the carrying vessel of the Goods comprising Shipment #1.

5.       Defendant in rem M/V MSC POH LIN is an ocean container vessel bearing IMO No. 9279977 and call sign H8FC and flagged in Panama, and was at all material times the carrying vessel of the Goods comprising Shipment #2.

6.       Defendant MSC is a Swiss corporation with a corporate headquarters located at chemin Rieu, 12-14, 1208 Geneva, Switzerland, and a business office located at 420 Fifth Avenue, 8th Floor, New York, New York 10018-2702.

7.       MSC was at all material times the Carrier of the goods, and issuer of Bills of Lading nos. MSCUWF525486, MSCUWF525445, MSCUWF525247, MSCUWF525460 dated November 24, 2012 ("Shipment #1") on board the vessel M/V MYTILINI, and Bills of Lading nos. MSCUWF531765, MSCUWF531773, MSCUWF532219, MSCUWF532227 dated December 8, 2012 ("Shipment #2") on board the vessel M/V MSC POH LIN, covering the

transportation of the goods from Oakland, California, USA (Port of Loading) to St. Petersburg, Russia (Port of Discharge).

8. MSC was at all material times the manager of the Vessel M/V MSC POH LIN.

9. Defendant BC8 is a foreign corporation with a business office located at c/o Danaos Shipping Co. Ltd., 14, Akti Kondyli, 185 45 Piraeus, Greece.

10. BC8 was at all material times the registered owner of the Vessel M/V MYTILINI.

11. Defendant Danaos is a foreign corporation with a business office located at Danaos Shipping Co. Ltd., 14, Akti Kondyli, 185 45 Piraeus, Greece.

12. Danaos was at all material times the manager of the Vessel M/V MYTILINI.

13. Defendant Pohlin is a foreign corporation with a business office located at c/o MSC Mediterranean Shipping Co. S.A., chemin Ricu, 12-14, 1208 Geneva, Switzerland.

14. Pohlin was at all material times the registered owner of the M/V MSC POH LIN.

15. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the goods which are the subject of this case, as their respective interests may ultimately appear, and plaintiff is entitled to bring and maintain this case.

## JURISDICTION

16. This Court has Admiralty Jurisdiction pursuant to 28 U.S.C. §1333, and because MSC's Bills of Lading at issue contain a Forum Selection Clause requiring all lawsuits against MSC to be heard exclusively in the United States District Court for the Southern District of New York.

## VENUE

17.     Venue is proper in this Court because MSC's Bills of Lading at issue contain a Forum Selection Clause requiring all lawsuits against MSC to be heard exclusively in the United States District Court for the Southern District of New York.

## FACTS

### *Shipment #1*

18.     On or about November 24, 2012, defendants MSC, BC8, and M/V MYLITINI, were tendered, and accepted into their care, custody and control, a consignment of 5,600 cartons of fresh pomegranates ("the Shipment #1 Goods").

19.     The Goods were in good order and condition at the time of their tender to and acceptance by defendants MSC, BC8, and M/V MYLITINI into their care, custody and control for transport.

20.     On or about November 24, 2012, in consideration of an agreed, prepaid freight rate, MSC issued its Bills of Lading Nos. MSCUWF525486, MSCUWF525445, MSCUWF525247, MSCUWF525460 (the "Shipment #1 Bills of Lading") covering the transportation of the Goods from Oakland, California, USA (Port of Loading) to St. Petersburg, Russia (Place of Delivery).

21.     The Goods were contained within refrigerated ocean shipping Containers Nos. GESU9557199, MSCU7316872, SZLU9045884, TRIU8594241 ("the Shipment #1 Containers"), which were supplied by MSC, when tendered to and accepted by defendants MSC, BC8, and M/V MYLITINI for transport.

22.     The Containers were 40-foot refrigerated containers which, at all material times, was owned and/or leased, and maintained by defendants MSC, BC8, and M/V MYLITINI and/or one of their affiliated companies.

23. On or about November 24, 2012, the Shipment #1 Goods within the Shipment #1 Containers were loaded on board the Vessel M/V MYTILINI at Oakland, California, USA for ocean transport to St. Petersberg, Russia.

24. On or about December 31, 2012, defendants MSC, BC8, and M/V MYLITINI delivered Shipment #1 Containers and Goods to the consignee in St. Petersburg, Russia, whereupon the Shipment #1 Goods were found to be in damaged condition and not in the same good order and condition as when tendered to and accepted by defendants MSC, BC8, and M/V MYLITINI.

25. The cause of the damage to the Goods was failure of the Containers to maintain temperature while in defendants MSC, BC8, and M/V MYLITINI's care, custody and control, and the unseaworthiness of the vessel M/V MYTILINI.

26. Federal paid a claim presented to it by its assured, Tradewinds, in the amount of $51,165.82 for the damage to the Goods under Policy No. 68952 and, as a result, is subrogated to all rights and interests of its assured Tradewinds, and is a real party in interest and is entitled to recover for the damage to the Goods.

### *Shipment #2*

27. On or about December 8, 2012, M/V MSC POH LIN, MSC, Poh Lin Naviera, were tendered, and accepted into their care, custody and control a consignment of 10,880 cartons of fresh pomegranates ("the Shipment #2 Goods").

28. The Goods were in good order and condition at the time of their tender to and acceptance by M/V MSC POH LIN, MSC, Poh Lin Naviera into their care, custody and control for transport.

29. On or about December 8, 2012, in consideration of an agreed, prepaid freight rate, MSC issued its Bill of Lading Nos. MSCUWF531765, MSCUWF531773, MSCUWF532219,

MSCUWF532227 (the "Bills of Lading") covering the transportation of the Goods from Oakland, California, USA (Port of Loading) to St. Petersburg, Russia (Place of Delivery).

30. The Goods were contained within refrigerated ocean shipping Containers Nos. CRSU6135041, MEDU9104760, CRXU6928643, TRIU8960952 ("the Shipment #2 Containers"), which were supplied by M/V MSC POH LIN, MSC, Poh Lin Naviera, when tendered to and accepted by M/V MSC POH LIN, MSC, Poh Lin Naviera for transport.

31. The Containers were a 40-foot refrigerated containers which, at all material times, was owned and/or leased, and maintained by M/V MSC POH LIN, MSC, Poh Lin Naviera and/or one of their affiliated companies.

32. On or about December 8, 2012, the Shipment #2 Goods within the Shipment #2 Containers were loaded on board the Vessel M/V POH LIN at Oakland, California, USA for ocean transport to St. Petersberg, Russia.

33. On or about January 21, 2013, M/V MSC POH LIN, MSC, Poh Lin Naviera delivered Shipment #2 Containers and Goods to the consignee in St. Petersburg, Russia, whereupon the Shipment #2 Goods were found to be in damaged condition and not in the same good order and condition as when tendered to and accepted by M/V MSC POH LIN, MSC, Poh Lin Naviera.

34. The cause of the damage to the Goods was failure of the Containers to maintain temperature while in M/V MSC POH LIN, MSC, Poh Lin Naviera's care, custody and control, and the unseaworthiness of the vessel M/V MSC POH LIN.

35. Federal paid a claim presented to it by its assured, Tradewinds, in the amount of $38,048.00 for the damage to the Goods under Policy No. 68952 and, as a result, is subrogated to all rights and interests of its assured Tradewinds and is a real party in interest and is entitled to recover for the damage to the Goods.

## FIRST CAUSE OF ACTION

36. Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth in paragraphs 1 to 35, inclusively.

37. Defendants M/V MYTILINI, M/C MSC POH LIN, MSC, BC8, and Poh Lin Naviera, as carriers, had duties under the Bills of Lading and the U.S. Carriage of Goods by Sea Act ("COGSA") to properly and carefully to load, handle, stow, carry, keep, care for, and discharge the Goods carried in the same good order and condition as when tendered to and accepted at Oakland, California.

38. Defendants M/V MYTILINI, M/C MSC POH LIN, MSC, BC8, and Poh Lin Naviera, as carriers, breached their duties to properly and carefully to load, handle, stow, carry, keep, care for, and discharge the Goods carried in the same good order and condition as when tendered and accepted at Oakland, California, USA, by their failure to maintain refrigeration of the Goods.

39. Defendants M/V MYTILINI, M/C MSC POH LIN, MSC, BC8, and Poh Lin Naviera, as carriers, had duties under the Bills of Lading and COGSA to exercise due diligence to make and keep the Vessels seaworthy, properly man, equip, and supply the Vessels, and make all parts of the Vessels carrying goods fit and safe for their reception, carriage and preservation.

40. Defendants M/V MYTILINI, M/C MSC POH LIN, MSC, BC8, and Poh Lin Naviera, as carriers, breached its duties to exercise due diligence to make and keep the Vessels seaworthy, properly man, equip, and supply the Vessels, and make all parts of the Vessels carrying goods fit and safe for their reception, carriage and preservation.

41. As a direct and proximate cause of Defendants M/V MYTILINI, M/C MSC POH LIN, MSC, BC8, and Poh Lin Naviera, breaches of their carrier duties under the Bills of Lading

and COGSA, plaintiff suffered damages in the amount of $89,213.82, which was not the result of any contributing acts, omissions, negligence or breach of contract on the part of plaintiffs.

WHEREFORE plaintiff demands judgment in its favor and against Defendants M/V MYTILINI, MSC, and BC8, for Shipment #1 in the amount of $51,165.82; and against M/C MSC POH LIN, MSC, and Poh Lin Naviera, for Shipment #2, in the amount of $38,048.00, plus prejudgment interest, costs, attorney fees, and such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION—NEGLIGENCE

42. Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth in paragraphs 1 to 41, inclusively.

43. Defendants MSC and Danaos, as ship managers of the vessels M/V MSC POH LIN and M/V MYLITINI, respectively, owed duties to properly man, equip, and maintain the Vessels in seaworthy and cargo worthy conditions at all times during their respective voyages.

44. Defendants MSC and Danaos breached their duties by failing properly man, equip, and maintain the Vessels in seaworthy and cargo worthy conditions thereby permitting conditions on board the vessels that caused the Containers to fail.

45. Defendants MSC and Danaos knew or should have known, and it was reasonably forseeable, that their failure to perform their duties would cause damage to refrigerated cargoes on board the vessels.

46. Defendants MSC and Danaos's failure to properly man, equip, and maintain the Vessels in seaworthy and cargo worthy conditions was the direct and proximate cause of the failure of the containers to maintain temperature and the resulting damage to the Goods.

47. As a direct and proximate result of Defendants MSC and Danaos's failure to properly man, equip, and maintain the Vessels in seaworthy and cargo worthy conditions,

plaintiff has suffered damages in the amount of $51,165.82 for Shipment #1, and $38,048.00 for Shipment #2.

WHEREFORE plaintiff demands judgment in its favor and against defendant Danaos in the amount of $51,165.82 for Shipment #1; and against defendant MSC in the amount of $38,048.00 for Shipment #2, plus prejudgment interest, costs, attorney fees, and such other and further relief as this Court deems just and proper.

.

Dated: January 15, 2014

By:

Law Offices of Thomas M Grasso LLC
Attorneys for Plaintiff

_____
Thomas M. Grasso, Esq.
8 Willow Street
Cranford, New Jersey 07016-1855
Tel: 908-514-8850
Fax: 908-325-6187
E-mail: tom@tmgrassolaw.com